IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANA SINDERMANN, | * | |
| | * | |
| | * | |
| v. | * | Civil No. CCB-14-871 |
| | * | |
| | * | |
| WELLS FARGO BANK, N.A. *et al* | * | |
| | * | |

********

## MEMORANDUM

Plaintiff Dana Sindermann brings this lawsuit against Wells Fargo Bank, N.A. and HSBC Bank USA, N.A. (collectively "defendants"), alleging that they violated the Maryland Mortgage Fraud Protection Act ("MMFPA") and the Maryland Consumer Protection Act ("MCPA"). Sindermann requests monetary, declaratory, and injunctive relief. Pending is defendants' motion to dismiss, which is fully briefed.

Defendants' motion to dismiss will be granted in part and denied in part. Sindermann has not pleaded plausible claims to relief under either statute because his complaint does not sufficiently allege reliance. Accordingly, Counts I and II will be dismissed. Defendants' motion to dismiss Count III of the complaint—requesting declaratory and injunctive relief—will be denied without prejudice as explained below.

## BACKGROUND

On September 13, 2005, Sindermann executed a promissory note that was secured by a deed of trust against the property located at 25800 Avonia Lane, Royal Oak, MD ("Property"). (Compl., ECF No. 2 ¶¶ 5, 17). Merchantile Mortgage, LLC transferred the note to Wells Fargo, which later transferred the note to HSBC. (*Id.* ¶¶ 18, 20). Sindermann defaulted on the note on August 1, 2009, and later filed for bankruptcy. (*Id.* ¶¶ 21–22). His debts were discharged on

December 16, 2009.  *Id.*  Defendants initiated a foreclosure action on the Property on January 15, 2010, and HSBC bought the Property at a public auction on September 7, 2010.  (*Id.* ¶¶ 23, 27–28).[1]

Sindermann alleges that after HSBC bought the Property at the foreclosure auction, defendants did not secure the Property nor maintain it in good condition.  (*Id.* ¶¶ 29, 32–33).[2] The Property allegedly suffered vandalism and damage, including theft of an air conditioner and burst pipes with accompanying water damage.  *Id.*

Defendants filed a "Motion to Vacate Ratification of the Sale, Withdrawal Report of Sale and Dismiss" the foreclosure sale on February 2, 2011, which did not contain a rationale or justification.  (*Id.* ¶ 36; ECF No. 12-5 at pp. 2–3).[3]  Sindermann alleges that defendants failed to properly mail a copy of the motion to him or his counsel, but also states that he was suffering from "worsening depression and withdrawal from society" at the time.  (*Id.* ¶¶ 36, 38).

The Talbot County Circuit Court granted defendants' motion to vacate on February 7, 2011, and dismissed the foreclosure action without prejudice.  (*Id.* ¶¶ 39–40).  Sindermann acknowledges that he received a copy of the court order granting the motion to vacate on February 10, 2011, (ECF Nos. 20 at p. 20; 20-3), but alleges it took until August 2012 for an agent of defendants to inform Sindermann that he "still owned the Property."  (ECF No. 2 ¶ 46). Sindermann alleges that defendants retained possession and control of the Property, because they

---

[1] The sale became official when the Talbot County Circuit Court entered a Final Order of Ratification on January 20, 2011.  (*Id.* ¶ 34).

[2] Sindermann does allege, however, that "[s]ometime before November, 2010 the Defendants or their agents placed a padlock on the door to the Property."  (*Id.* ¶ 31).

[3] Because the motion to vacate is explicitly referenced in Sindermann's complaint, the court may consider it without needing to convert the motion to dismiss into one for summary judgment. *See, e.g.*, *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) (holding that a district court may consider documents attached to the motion to dismiss that are "integral to the complaint and authentic").

did not "surrender any proof of ownership or of the sale," such as providing the Property's keys to Sindermann or the court. (*Id.* ¶¶ 42–43). Accordingly, he alleges that while he has legal title to the Property, defendants retain control and possession of it.

Sindermann also alleges that the Property is now damaged and "no longer habitable." (*Id.* ¶¶ 47–48). Sindermann has been unable to secure the Property and restore it to a habitable condition due to the cost and has, therefore, been "unable to prevent additional damage to the property," including a break-in on August 12, 2013, for which the police report estimated $3,000 in damages. (*Id.* ¶¶ 49–50).

Sindermann filed a complaint in the Talbot County Circuit Court on February 6, 2014, which was removed to this court on March 21, 2014. (ECF No. 2). Sindermann alleges that defendants violated two statutes: the Maryland Mortgage Fraud Protection Act ("MMFPA"), Md. Code Ann., Real Prop. § 7-401, *et seq* (Count I); and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §13-101, *et seq* (Count II). He seeks damages for both counts, and also requests declaratory judgment and injunctive relief in his favor (Count III). *Id.* Defendants filed a motion to dismiss or in the alternative for summary judgment on April 28, 2014. (ECF No. 12). Oral argument was heard November 12, 2014.

## STANDARD

When ruling on a motion brought under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early

disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim . . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (internal citations and quotation marks omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

In deciding whether to grant a motion to dismiss, the court may also consider documents attached to the complaint as well as documents attached to the motion to dismiss, provided that they are "integral to the complaint and authentic." *See Sec'y for State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

## ANALYSIS

Defendants advance three arguments to justify dismissing Sindermann's complaint: (1) it is barred by the statute of limitations; (2) it does not comply with the heightened pleading requirement of Rule 9(b); and (3) it fails to state claims upon which relief can be granted.[4]

---

[4] Defendants also initially argued that Sindermann failed to join a necessary party—his wife—as required by Rule 19. (ECF No. 12-1 at p. 17). After Sindermann stated that his wife ceded her

Although the complaint was timely filed, defendants are correct that Sindermann fails to state claims upon which relief can be granted under the MMFPA or MCPA. Accordingly, defendants' motion to dismiss Counts I and II of the complaint will be granted without reaching the Rule 9(b) issue. The motion to dismiss Count III will be denied without prejudice.

**I.    Sindermann's Complaint is Timely.**

Defendants first argue that Sindermann's claims are barred by the applicable three-year statute of limitations. Md. Code Ann., Cts. & Jud. Proc. § 5-101. Defendants argue that because Sindermann's alleged injury was defendants' material omission of its rationale for vacating the foreclosure sale, the limitations period began to run when the motion was filed on February 2, 2011. Sindermann claims that the injury did not occur until the Talbot County Circuit Court granted the motion on February 7, 2011.[5] Sindermann is correct, and his complaint (filed on February 6, 2014) is thus timely by one day.

Generally, a cause of action accrues and the limitations period begins to run on the date of the alleged wrong. *E.g.*, *Supik v. Bodie, Nagle, Dolina, Smith & Hobbs, P.A.*, 834 A.2d 170, 178 (Md. Ct. Spec. App. 2003). But accrual does not occur "until all elements are present, including damages." *Id.* at 180. Sindermann's alleged injury—the fraudulent transfer of title back to him—did not occur until the Circuit Court acted on February 7, when it granted defendants' motion. Had the Circuit Court denied defendants' motion, title would have remained with defendants and Sindermann would have had no basis to file this lawsuit.

---

interest in the Property to him pursuant to their legal separation, (ECF No. 20 p. 5), defendants did not address that argument in their reply brief.

[5] Sindermann also alleges that defendants did not properly serve him a copy of the motion, while defendants claim that he and his attorneys were on constructive notice of the motion when it was filed on the Circuit Court's docket. Because the court concludes that the injury occurred on February 7, 2011, the court need not address these arguments.

Accordingly, Sindermann's claim accrued on February 7, 2011, and his complaint is timely by one day.

**II.     Sindermann's Complaint does not Sufficiently Allege Reliance.**

Although timely, Counts I and II of Sindermann's complaint fail to plausibly state claims upon which relief can be granted.  Sindermann alleges that defendants' motion to vacate "deliberately omitted the reason for defendants decision," which is that defendants no longer desired the damaged Property and wanted to "dump responsibility for the Property back on Mr. Sindermann."  (ECF No. 20 at p. 12).  Omitting that rationale, Sindermann argues, renders the motion to vacate a deceptive document that violated the MMFPA and MCPA.  (ECF No. 2 ¶ 65).  Even accepting as true defendants' alleged motive for vacating the foreclosure sale, however, Sindermann has not sufficiently alleged reliance.  Because reliance is a necessary element under both statutes, Counts I and II will be dismissed.

Claims under the MMFPA and MCPA typically overlap due to the doctrinal similarity between the two statutes.  *See Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 469 (D. Md. 2013) (stating that the court's grounds for denying a motion to dismiss a MMFPA claim "involve the same analysis the Court conducted under the MCPA").  To recover on a fraudulent concealment claim under the MMFPA (which Sindermann alleges here), a plaintiff must allege that: (1) the defendant owed a duty to plaintiff to disclose a material fact; (2) the defendant failed to disclose the fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff justifiably relied on the concealment; and (5) plaintiff suffered proximate damages.  *E.g.*, *Blondell v. Littlepage*, 991 A.2d 80, 94 (Md. 2010).

To recover under the MCPA, a plaintiff must allege: (1) an unfair or deceptive practice or misrepresentation that (2) he relied upon, and that (3) caused him actual injury. *Stewart v. Bierman*, 859 F. Supp. 2d 754, 768 (D. Md. 2012) (citing *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 277 (Md. 2007)). Similar to a MMFPA fraudulent concealment claim, unfair or deceptive acts prohibited by MCPA include the "failure to state a material fact if the failure deceives or tends to deceive." § 13-301(3).

Regarding reliance, an element in both statutory causes of action, a consumer is deemed to have "relied" on a misrepresentation or fraudulent concealment when it "substantially induces the consumer's choice." *Bank of Am. v. Jill P. Mitchell Living Trust*, 822 F. Supp. 2d 505, 532 (D. Md. 2011). Instead of alleging how he relied, or what choices defendants' alleged omission and concealment induced him to make, Sindermann offers only conclusory assertions of reliance. For example, he states that defendants' omitted their rationale "with the intent that [he] rely on the omission by re-taking custody and control of the Property." (ECF No. 20 at p. 12). First, whether defendants omitted their rationale is unrelated to the fact that Sindermann regained legal title to the Property by the Circuit Court's decision granting defendants' motion to vacate. Sindermann did not voluntarily "re-take" custody and possession of the Property, nor buy it back from defendants, rather title was transferred back to him through the court's legal decision. Second, whether defendants intended Sindermann to rely on their omission does not address whether Sindermann actually did rely, which he has not sufficiently alleged.[6]

Sindermann does allege that the Property is "no longer habitable" because of the "prohibitive expense of restoring the Property to a secure habitable condition," and that it

---

[6] Sindermann also cites an "indirect reliance" theory, citing *Hoffman v. Stamper*, 867 A.2d 276, 293–94 (Md. 2005). This theory suffers from the same defect, however, in that Sindermann has not identified any actions he took in reliance (explicitly or implicitly) on defendants' alleged concealment and omission.

7

continues to suffer damage. (ECF No. 2 ¶¶ 48–49). That damage, however, is not related to any specific acts taken by Sindermann in reliance on defendants' alleged fraud. He cites the damage he observed in November 2010, (ECF No. 2 ¶ 33), but that took place while defendants held title to the Property. Moreover, he received a copy of the court order vacating the foreclosure sale on February 10, 2011, and thus knew that the Property was damaged when title transferred back to him. Sindermann does not allege any actions he took in reliance on the alleged omission at that time, nor did he investigate why defendants vacated the foreclosure. The only other incident he cites is the August 2013 break-in. (ECF No. 2 ¶ 50). That was more than two years after title had transferred back to him, however, and at a minimum about a year after he was directly told by an agent of defendants that he owned the Property. (*Id.* ¶ 46).[7]

Because Sindermann has not demonstrated detrimental reliance on defendants' alleged concealment and omission of their true rationale for filing to vacate the foreclosure sale, Counts I and II of his complaint must be dismissed. *See Green v. Wells Fargo Bank, N.A.*, 927 F. Supp. 2d 244, 255 (D. Md. 2013) (holding that a private claim under the MCPA must demonstrate "an identifiable loss, measured by the amount the consumer spent or lost as a result of his or her reliance on the misrepresentation") (quoting *Lloyd*, 916 A.2d at 277); *see also Castle v. Capital One, N.A.*, No. 13-1830, 2014 WL 176790, at *7 (D. Md. Jan. 15, 2014) (dismissing a plaintiff's

---

[7] Another obstacle to Sindermann demonstrating reliance is determining when he was on notice of defendants' alleged unlawful omission, because he could not have acted in reliance on something that he was unaware of. He states that he was unaware he held title until August 2012, (ECF No. 20 at p. 4), but *also* states that he received a copy of the court order granting the motion to vacate in a letter dated February 10, 2011. (*Id.* at p. 20; ECF No. 20-3). The precise date may not be material, but further illustrates some of the contradictions in Sindermann's complaint and brief.

MMFPA claim because there were no specific allegations of reliance "on any omission of the Defendant").[8]

### III.   Count III Remains.

In Count III of his complaint, Sindermann seeks a declaration that the "Foreclosure Action is void and does not exist as a matter of law" and also requests an injunction against defendants "from attempting any further foreclosure actions against the Plaintiff and the Property." (ECF No. 2 ¶¶ 78–79). Although Sindermann has not pleaded a plausible basis for relief on his demand for monetary relief under the MMFPA or MCPA, the court is sympathetic to the practical issues faced by Sindermann. At the motions hearing, Sindermann's counsel stated that Sindermann's fundamental objective is to rid himself of the Property by relinquishing legal title. He also stated his intention to file a motion to amend the complaint, seeking to add a bailment cause of action. Accordingly, the case will not yet be dismissed in its entirety.

### CONCLUSION

Defendants' motion to dismiss will be granted as to Counts I and II, and denied without prejudice as to Count III. This case will be referred for a settlement conference with a magistrate judge. If mediation fails, Sindermann may seek leave of the court to amend his complaint within 21 days thereafter.

|  |  |
|---|---|
| \_\_\_\_12/23/2014\_\_\_\_<br>Date | _____/s/_____<br>Catherine C. Blake<br>United States District Judge |

---

[8] Unpublished cases are cited not for any precedential value but for the persuasiveness of their reasoning.